IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUDOL ET AL,<br><br>Defendants. | No. C-05-01299 JSW (EDL)<br><br>**ORDER DENYING AS MOOT DEFENDANTS' MOTION TO QUASH** |

## I. INTRODUCTION

Defendants' Motion to Quash a subpoena issued by Plaintiff to Motorola, Inc. came on for hearing on January 31, 2006. Counsel for Plaintiff appeared at the hearing, and Defendants appeared in *propria persona*. For the reasons set forth below, the Court DENIES as moot Defendants' Motion to Quash.

## II. DISCUSSION

Given that third party Motorola, Inc. already produced the documents that are the object of this Motion to Quash, the Court finds that the Motion must be denied as moot. Defendants also asks the Court to sanction Plaintiff and to exclude the documents on the ground that the discovery was commenced before the parties' Federal Rule of Civil Procedure 26(f) conference, and on the ground that Plaintiff did not serve Defendants with a copy of the subpoena in time to allow them to object to the production. The Court accepts the representations by Plaintiff's counsel in open court that they discussed with several Defendants' then counsel their intention to seek early discovery from Motorola, Inc., and were at least under the reasonable impression that an agreement had been

reached with them on this issue. Defendants only point to a hearsay statement by one of their ex-attorneys that he did not agree.

The Court is disturbed by the fact that Plaintiff did not serve Defendants with a copy of the subpoena until more than two months after it was issued. Although it accepts Plaintiff's assurance that this omission was unintentional, it is sloppy, as Plaintiff's new counsel readily acknowledged at the hearing.

The remedy Defendants seek – exclusion of the documents – is more properly addressed to Judge White, who will decide what documents obtained from Motorola, if any, to admit at trial. The government's asserted basis for seeking to introduce them appears somewhat weak at first blush (although this Court has not attempted to make any determination on the evidentiary issue, which would be very premature). Also, Judge White may take into account the failure to effect proper service on Defendants if he wishes to do so.

### III. CONCLUSION

Defendants' Motion to Quash is DENIED as moot.

**IT IS SO ORDERED.**

Dated: February 2, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge